TORPY, J.
In this construction dispute, the issue is whether the contract between the parties is unenforceable, thereby rendering the arbitration clause contained therein, likewise, unenforceable. The resolution of this issue centers upon whether the contract should be declared invalid pursuant to section 489.128, Florida Statutes (2000), which precludes the enforcement of any contract performed by an unlicensed contractor. After receiving evidence, the trial court concluded that the contract was unenforceable. As a result, the court ordered that the dispute not proceed to arbitration. We reverse.
The contract in this case is ambiguous as it relates to the identity of the contracting parties and their relationship with each other. The title of the contract is “Subcontractor Agreement,” but the “Sub” portion of the title is crossed-through. The introduction identifies the contracting parties as “Island Club West, Inc.,” (“ICW”) as “contractor” and “Mid-State Paving Co. Inc.” as “subcontractor.” Island Club West Development, Inc., (“ICWD”) is listed as “owner.” However, the signature page only contains two signatures, that of the owner, ICWD, and Mid-State, signing as “subcontractor.” This patent ambiguity was clarified at the hearing through the uncontradicted and unrebutted affidavit testimony of David Meadows, president of ICWD, which established that the contract was between ICWD, as owner, and Mid-State, as contractor. Mr. Meadows explained that a form agreement was utilized by the parties that contained a scrivener’s error.
Despite having received unrebutted evidence explaining the ambiguity, the trial court did not expressly make any factual finding on this issue, nor did the court conclude that either ICW or ICWD was acting as a contractor without a license. It is conceded that ICW and ICWD are not licensed contractors. It is likewise conceded that Mid-State is licensed to perform the scope of work required by the contract.
We conclude that the record establishes that the contract was between ICWD, as owner, and Mid-State, as contractor, as there was no evidence to contradict Mr. Meadows’ explanation of this ambiguous instrument. Because Mid-State was licensed, the only issue that remains is whether ICWD was performing as a contractor without a license and without bene *1193 fit of exemption. On this issue, we conclude that there is no evidence in the record to establish that ICWD was performing as a contractor as defined by the applicable statute. See § 489.105(3), Fla. Stat. (2000) (defining contractor as a person who, for compensation, by himself or through others, improves real estate for others or for sale to others).
We therefore reverse the lower court order and remand this cause with instructions that the trial court stay the instant proceeding and compel arbitration.
REVERSED and REMANDED.
PETERSON and ORFINGER, JJ., concur.